```
        IN THE UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                 WESTERN DIVISION
```

RODNEY NORDSTROM                                          PLAINTIFF

v.                      CIVIL ACTION NO.: 5:22-cv-00077-DCB-LGI

CITY OF MCCOMB; MCCOMB POLICE
DEPARTMENT; AND JOHN DOES 1-7                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on: (i) the Motion for Summary Judgment [ECF No. 39] filed by Defendant City of McComb, on behalf of itself and its police department,[1] and (ii) the Motion for Leave to File Amended Complaint [ECF No. 44] ("Motion to Amend") filed by Plaintiff Rodney Nordstrom ("Plaintiff"). Defendants oppose the Motion to Amend.  [ECF Nos. 47 & 48].  The deadline to file motions for amended pleadings in this case, as set forth in the Case Management Order, [ECF No. 7], has long since passed.  Plaintiff's legal analysis in his memorandum in support of his Motion to Amend, [ECF No. 45], relies almost

---

[1] The named defendants in this lawsuit are the City of McComb and the McComb Police Department (collectively referred to herein as "Defendants").  The City of McComb argues that its police department is not a separate legal entity capable of being sued or served process under Mississippi law and therefore is not a proper party to this lawsuit.  [ECF No. 40] at No. 1; [ECF No. 47] at n.1.  The Court will address that issue later in this opinion.

1

exclusively on Federal Rule of Civil Procedure 15(a). Defendants argue against granting leave to amend on multiple grounds, including Plaintiff's failure to demonstrate good cause under Federal Rule of Civil Procedure 16(b), prejudice to the defense at this late stage of the litigation, and the futility of the proposed amendments.  [ECF Nos. 47 & 48].  Because the disposition of the summary judgment motion turns on the resolution of the motion to amend, the Court first will address the motion to amend.

Standard of Review and Analysis

I. <u>Motion to Amend Complaint</u>.

 Defendants correctly note that "[b]ecause the amendment deadline has well passed," Plaintiff's sole reliance in his initial supporting memorandum on Rule 15(a) "skips a step." [ECF No. 48] at 3.  In <u>Issaquena & Warren Ctys. Land Co., LLC v. Warren Cty., Miss. Bd. of Sup'rs</u>, No. 5:07-CV-106-DCB-JMR, 2011 WL 6092450, (S.D. Miss. Dec. 7, 2011), this Court explained the need to consider Federal Rule of Civil Procedure 16(b)[2] in ruling

---

[2] Federal Rule of Civil Procedure 16(b) provides in pertinent part:

**Rule 16. Pretrial Conferences; Scheduling; Management**
...
**(b) Scheduling.**

on a motion to amend a complaint that is filed after a scheduling order deadline has expired, which is the case here:

> When seeking to amend pleadings after a scheduling order's deadline to amend has expired, a party must first meet Rule 16(b)'s good cause requirement before the Court may allow amendment under the more liberal standards of Rule 15(a). Good cause showings are evaluated using four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Fahim v. Marriott Hotel Services,* 551 F.3d 344, 348 (5th Cir.2008). In making its determination on "good cause" this Court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Id.* (citing *Southwestern Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 547 (5th Cir.2003).

<u>Issaquena</u>, 2011 WL 6092450, at *2; <u>see also</u> <u>S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA</u>, 315 F.3d 533, 536 (5th Cir. 2003) (" . . . Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

---

**(1)** *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge--or a magistrate judge when authorized by local rule--must issue a scheduling order … .

**(3)** *Contents of the Order.*
**(A)** *Required Contents.* The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.
...
**(4)** *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b).

Having considered these factors, the Court finds that Plaintiff narrowly meets Rule 16(b)'s good cause requirement. First, while the Court is receptive to Defendants' criticisms that a motion to amend could have been filed sooner, the Court will take Plaintiff at his word that there are discovery issues and that he "<u>is still</u> waiting to secure all relevant information" from Defendants. [ECF No 49] at 3. No motion to compel discovery has been filed in this case, and it is unclear to this Court if discovery issues are ongoing. <u>Brown v. Mississippi Dep't of Health</u>, No. 3:11-CV-00146-CWR, 2012 WL 1143846, at n.33 (S.D. Miss. Apr. 4, 2012) ("Ultimately, if any party believes that an opposing party has committed discovery violations, then the proper remedy is always to file a motion to compel."). The Court encourages the parties to work together to resolve continuing discovery issues, if any, as soon as possible. Second, the Court views the amendment as an important step in streamlining the resolution of this dispute given the elimination of a significant number of causes of action in the proposed Amended Complaint. With respect to the third and fourth factors in the Rule 16(b) analysis, there is no question that the proposed amendment comes questionably late in the litigation and that continued litigation will be burdensome to Defendants and Plaintiff alike. However, considering that this is Plaintiff's first request to amend his complaint and that a

4

continuance may be an available cure,[3] the Court will afford Plaintiff some leniency and find that Rule 16(b) does not bar Plaintiff's request to amend his complaint.

The Court must next consider whether leave to amend should be granted under Federal Rule of Civil Procedure 15(a). As this Court explained in Issaquena: "Leave to amend under Rule 15(a) is usually granted liberally unless the movant has acted in bad faith, if granting the motion would cause prejudice, or the amendment would be futile." Issaquena, 2011 WL 6092450, at *3 (citing Jebaco, Inc. v. Harrah's Operating Co., 587 F.3d 314, 322 (5th Cir.2009)). "Courts may also consider judicial efficiency and effective case management." Id. Issaquena, 2011 WL 6092450, at *3. While leave to amend may be granted liberally under our rules and precedent, it is not granted automatically.

Here, there is no presentation of bad faith or prejudice to a degree that the Court would find sufficient to prevent a first amendment to the complaint. The Court's focus turns to Defendants' arguments regarding whether the Amended Complaint is futile and therefore ineligible to proceed. The Fifth Circuit has interpreted "futility" in the amended pleading context to

---

[3] Magistrate Judge Isaac already has ordered that the pretrial conference will be rescheduled. See text order dated 04/25/2024.

5

mean an amended complaint still fails to state a claim upon which relief can be granted under the Rule 12(b)(6) standard of legal sufficiency. Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000); Killen v. Johnson & Johnson, No. 3:20-CV-829-KHJ-MTP, 2021 WL 2122623, at *1 (S.D. Miss. May 25, 2021). The question for the Court is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Stripling, 234 F.3d at 873 (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000)); Killen, 2021 WL 2122623, at *1.

Having reviewed and compared the original complaint [ECF No. 1-1] with the proposed Amended Complaint [ECF No. 44-2], and having carefully reviewed the parties' submissions, including the allegation of a discovery violation (albeit unsubstantiated), the Court is not prepared – at this time – to conclude that the proposed Amended Complaint fails to state any valid claim for relief when viewed in the light most favorable to Plaintiff and with every doubt resolved in his behalf. See, e.g., Stripling, 234 F.3d at 872 ("Unless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" (citations omitted)). The Court also notes that allowing Plaintiff to amend the complaint in the form presented [ECF No.

6

44-2] may assist the Court and opposing parties by reducing the number of claims, narrowing the scope of the issues, and clarifying the appropriate Court remedies. Therefore, Plaintiff's Motion to Amend will be granted in part, but with some strong words of caution. Plaintiff will be restricted to pursuing the claims expressly presented in the proposed Amended Complaint. As Defendants point out, Plaintiff's supporting memorandum [ECF No. 45] suggests some confusion regarding the scope of his first claim for relief (i.e., "Retaliation in Violation of Section 1981"). See also [ECF No. 49] at 4-6. Plaintiff will be held to proving the elements of a retaliation claim under 42 U.S.C. § 1981 as pled in the Amended Complaint. Any claims under 42 U.S.C. § 1983 are abandoned in the Amended Complaint and are deemed waived.

The Court is denying the Motion to Amend in part to the extent that it seeks to name the McComb Police Department as a party defendant. The City of McComb has pointed out in multiple submissions – starting with its first motion for extension of time [ECF No. 4] – that its police department is not a separate legal entity capable of being sued or served process under Mississippi law. E.g., [ECF No. 6] at n.1.; [ECF No. 40] at n.1 & 6; [ECF No. 47] at n.1. The Court agrees. "In Mississippi, a police department is not a separate legal entity which may be sued, rather it is an extension of the City." McDonald v. City

7

of Meridian Police Dep't, No. 3:20-CV-534-DPJ-FKB, 2020 WL 7205423, at *2 (S.D. Miss. Dec. 7, 2020) (court dismissed with prejudice the claims against the Meridian Police Department as frivolous and for failure to state a claim); Jackson v. City of Gulfport, No. 1:16CV420-LG-RHW, 2017 WL 651956, at *2 (S.D. Miss. Feb. 16, 2017) (same); see also Brown v. Thompson, 927 So. 2d 733, 737 (Miss. 2006) (sheriff's department is not a political subdivision that can be sued; instead, county should have been named as the governmental defendant in the suit). Plaintiff has not, and cannot, offer an argument to the contrary.  Plaintiff is ordered to strike the McComb Police Department from the Amended Complaint as a party defendant.  The City of McComb is the only proper party, and its police department will be dismissed from this lawsuit.

II.  Motion for Summary Judgment.

Plaintiff filed his Motion to Amend [ECF No. 44] while Defendants' Motion for Summary Judgment[ECF No. 39] still was pending.  The Motion for Summary Judgment pertains only to the original Complaint and will be rendered moot when the Court's ruling on the motion to amend is entered as set forth herein. King v. Dogan, 31 F.3d 344, 346 (5th Cir.1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to

and adopts or incorporates by reference the earlier pleading.") (citation omitted); Rutherford v. Hunt S. Grp., LLC, No. 1:18-CV-394-LG-RHW, 2019 WL 1460917, at *2 (S.D. Miss. Apr. 2, 2019)(because new complaint supplanted existing complaint as the operative complaint, motion to dismiss was rendered moot); Walls v. Kaho, No. 5:06-CV-188-DCB-MTP, 2008 WL 508618, at *2-3 & n.10 (S.D. Miss. Feb. 20, 2008); Verhine & Verhine, PLLC v. Cardiovascular Sonographers, Inc., No. 5:06-CV-109-DCB-JMR, at *2 (S.D. Miss. Mar. 6, 2007).

The Court therefore will deny without prejudice as moot the pending Motion for Summary Judgment [ECF No. 39], except that the motion will be granted in part to dismiss the McComb Police Department as a party defendant for the reasons stated in Part I of this opinion.  The City of McComb is free to file a new motion for summary judgment on the Amended Complaint, should it wish to do so.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Amended Complaint [ECF No. 44] is **GRANTED in part and DENIED in part** as set forth in the Court's opinion above;

IT IS FURTHER ORDERED that, in accordance with Local Uniform Civil Rule 7(b)(2), Plaintiff must file his amended pleading, modified to delete the McComb Police Department as a

party defendant, as a separately docketed item within seven (7) days from the entry of this Order;

IT IS FURTHER ORDERED that Defendant City of McComb's Motion for Summary Judgment [ECF No. 39] is **GRANTED in part** to dismiss the McComb Police Department as a party defendant and otherwise **DENIED in part** without prejudice as moot, with leave to re-file.

SO ORDERED, this the 3rd day of May 2024.

                                       /s/  David Bramlette
                                 UNITED STATES DISTRICT JUDGE